**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**ROBERT LEE POWELL**                                                 **PLAINTIFF**

**V.**               **CASE NO.: 3:15CV00202-BSM-BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER OF REMAND**

Plaintiff Robert Lee Powell has appealed the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #4)

Mr. Powell alleged he became limited in his ability to work due to a stroke and hypertension.  (SSA record at 125)  He was sixty-two years old at the time of the hearing and had graduated from high school.  (*Id*. at 37, 92, 126)  Mr. Powell had past work as a rice dryer, but he stopped working because of his conditions.  (*Id*. at 125)

After conducting a hearing, the Administrative Law Judge ("ALJ") concluded that Mr. Powell had not been under a disability within the meaning of the Social Security Act from his alleged onset date, November 18, 2011, through March 19, 2014, the date of his decision.  (*Id*. at 14)  He found that Mr. Powell met the insured status requirements through September 30, 2014, and had not engaged in substantial gainful activity since his alleged onset date.  (*Id*. at 10)  He found that Mr. Powell had "medically determinable impairments" of Alzheimer's, hypertension, and stroke, but found that Mr. Powell did not have an impairment or combination of impairments that would, "preclude unskilled work at any physical level."  (*Id*.)  The ALJ did not end his analysis at step two, but went on to judge Mr. Powell's allegations regarding the intensity, persistence, and limiting effects of his  symptoms and found they were not entirely credible.  (*Id*. at 10-13)  Finally, the ALJ applied Rule 204.00 of the Medical Vocational Guidelines ("the guidelines") and concluded that Mr. Powell had not been disabled from his onset date through the date of his decision.  (*Id*. at 14)

On June 11, 2015, the Appeals Council denied the request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (*Id*. at 1-3)  Mr. Powell then filed his complaint initiating this appeal. (Docket #2)

**Reasons for Remand**

    1.    Insufficient explanation in the ALJ's opinion of his findings of fact and conclusions of law

The ALJ's opinion is so confusing that it is difficult for the Court to understand his findings of fact and conclusions of law.  In her brief, the Commissioner states that at step two of the five-step analysis, the ALJ found that Mr. Powell had the *severe* impairments of Alzheimer's disease, hypertension, and stroke. (#11 at p. 2)  The ALJ's opinion, however, is not clear on this point.  It reads, "[t]he Claimant has the following *medically determinable impairments*: Alzheimer's hypertension, and stroke (20 CFR 404.1521 *et seq*. and 416.921 *et seq*.)."  (SSA record at 10 (emphasis added))

The Commissioner also asserts that the ALJ found that Mr. Powell did not meet a listed impairment and retained the residual functional capacity for unskilled work at all exertional levels.  (*Id*.)  Careful review of the ALJ's opinion leaves the Court with questions as to whether the ALJ found either that Mr. Powell had a severe impairment or that he met a listing– or whether the ALJ assessed Mr. Powell's residual functional capacity at all.  (See SSA record at 10-14 points 3, 4, and 5)  Under these circumstances, where there is disagreement between the ALJ's opinion and the Commissioner's explanation of the ALJ's findings, remand is appropriate.  See *Scott ex rel. Scott v.*

*Astrue*, 529 F.3d 818, 822 (8th Cir. 2008) ("As a general rule, we have held that an ALJ's failure to adequately explain his factual findings is 'not a sufficient reason for setting aside an administrative finding' where the record supports the overall determination. However, we have held that a remand is appropriate where the ALJ's factual findings, considered in light of the record as a whole, are insufficient to permit this Court to conclude that substantial evidence supports the Commissioner's decision.") (internal cites omitted).

      2.      The ALJ erred at steps 2 and 5

Here, the ALJ set out the required sequential process, acknowledging that following the proper sequence requires that the analysis proceeds to steps three, four and five only if there is a finding at step two that the claimant has a severe impairment or combination of impairments.  (SSA record at 9-10)  In his analysis of Mr. Powell's claim, the ALJ never found that Mr. Powell had a severe impairment.  (*Id*. at 10)  Instead, the ALJ found that Mr. Powell has medically determinable impairments–including a "medically determinable mental impairment" that would limit him to "unskilled" work. (SSA record at 12)  This was error.

The claimant bears the burden at step two of demonstrating the existence of an impairment that significantly limits his ability to do basic work activity.  20 C.F.R. §§ 404.1520(c), 416.920(c); *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).  Mr. Powell had the burden of showing that his impairment was severe, but this burden is not a

great one.  *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001).  An impairment or combination of impairments is not severe if it is so slight that it is unlikely that the claimant would be found disabled even if his age, education, and experience were taken into consideration.  *Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S.Ct. 2287 (1986).

The regulations define a "severe" impairment as one that significantly limits a claimant's ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c); 416.920(c).  Here, there was not substantial evidence supporting ALJ's conclusion that Mr. Powell's medically determinable mental impairment of Alzheimer's did not limit his ability to perform basic work activities, such as carrying out and remembering simple instructions, using judgment, responding to supervision, co-workers, and unusual work situations, and dealing with changes in a routine work setting.  (*Id*. at 11-14)  The ALJ acknowledged as much when he found that Mr. Powell retained only the capacity for *unskilled* work.

The ALJ evaluated Mr. Powell's mental impairment but concluded that he had no limitation in activities of daily living; mild limitation in social functioning and concentration persistence and pace; and no episodes of decompensation.  Substantial evidence does not support the ALJ's findings.

Both agency physicians and Brian McIntyre, Ph.D., who performed a consultative mental examination of Mr. Powell, found that he had more severe limitations.  Dr. McIntyre noted that Mr. Powell reported symptoms consistent with memory difficulties

and noted he had to have questions repeated after a short period of time.  (*Id*. 203)  Dr. McIntyre diagnosed Mr. Powell with Alzheimer's and found that he had low average intelligence and memory difficulties.  (*Id*. at 201-04)

Dr. McIntyre's opinion is consistent with the opinion of agency physician Diane Kogut, Ph.D., who found Mr. Powell to be moderately limited in his ability to carry out detailed instructions; maintain attention and concentration for extended periods; sustain an ordinary routine without special supervision; perform at a consistent pace without an unreasonable number and length of rest periods; accept instruction and respond appropriately to criticism from supervisors; respond appropriately to changes in the work setting; and set realistic goals or make plans independently of others.  (*Id*. at 206-09)  She concluded that, as a result of his impairments, Mr. Powell should be limited to work where, "interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete (unskilled)."  (*Id*. at 208)  Dr. Kogut's opinion was affirmed by Melissa Jackson, Ph.D.  (*Id*. at 235)

These opinions are supported by Mr. Powell's testimony.  Mr. Powell reported being unable to work because of his conditions.  Mr. Powell's memory issues were apparent during the hearing when he could not recall the names or ages of the grandchildren whom he lived with.  (*Id*. at 33)  Further, both Mr. Powell and his daughter noted in reports submitted to the Commissioner that he needed reminders to care for his

personal needs, to take medications, and that he got easily confused. (149, 153, 157, 163-65) Mr. Powell met his burden of establishing that he had a severe mental impairment.

Given the ALJ's failure to find a severe impairment at step two, the ALJ's analysis should have ended with a conclusion that Mr. Powell was not disabled. Here, however, the ALJ went on to discuss Mr. Powell's credibility,[2] then stated, "Rule 204.00 applies in this case. Under the framework of this rule, the claimant is capable of unskilled work at any exertional level." (*Id*. at 14)

Mr. Powell correctly asserts that the ALJ erred by relying on the guidelines to determine that he could perform other jobs at step five of the sequential process. Having found Mr. Powell met his burden of establishing that his Alzheimer's was a severe mental impairment that diminished his capacity to perform a full range of work activities, the ALJ erred by applying the Guidelines. See *Brock v. Astrue*, 674 F.3d 1062, 1065 (8th Cir. 2012) (because the ALJ determined claimant suffered from a severe mental impairment that limited the claimant to unskilled work, he erred by relying on the Guidelines instead of vocational expert testimony).

---

[2]The ALJ discounts Mr. Powell's credibility, in part, because he found that Mr. Powell continued to work after his onset date at his seasonal job as a rice dryer. (SSA record at 13) This conclusion is not supported by the record. Mr. Powell alleged an onset date of November 18, 2011, and the earnings records indicate that he did not have any earnings after 2011. (*Id*. at 106, 111, 113) Additionally, Mr. Powell testified that he did not work after 2011. (*Id*. at 27-29)

**Conclusion**

After considering the record as a whole, the Court concludes the ALJ's failure to coherently set out his findings of facts and conclusions of law and his failure to find that Mr. Powell's Alzheimer's was a severe impairment was error. Additionally, his application of the guidelines were error. The decision of the Commissioner is not supported by substantial evidence. The Commissioner's decision is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 11th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE